UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x

UNITED STATED OF AMERICA,

                     -against-

LOUIS DAVILA,

                            Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

15 Cr. 487-23 (GBD)

GEORGE B. DANIELS, United States District Judge:

Defendant moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Mot. for Compassionate Release ("Def.'s Mot."), ECF No. 599.) The Government opposes Defendant's motion. (*See* Letter dated December 16, 2020 ("Gov't Opp'n"), ECF No. 602.) Defendant is serving a mandatory minimum sentence of 120 months' imprisonment for conspiracy to distribute and possess with intent to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (*See* Amended J. in a Crim. Case, ECF No. 383.) Defendant is currently incarcerated at FCI Ray Brook and is expected to complete his sentence on June 7, 2025.[1] (Gov't Opp'n at 2.)

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to reduce a term of imprisonment (and impose a term of probation or supervised release, not to exceed the unserved portion of the original term of imprisonment) if, after assessing the factors set forth in Section 3553(a), it finds that "extraordinary and compelling reasons warrant such a reduction."

---

[1] Defendant states that "[w]ith earned good time credit" he "must serve 8½ years" and has "already served 4 years. He has 4½ years left to serve." (Def.'s Mot., at 3.)

18 U.S.C. § 3582(c)(1)(A)(i).[2] Any such reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."[3] *Id.*

Defendant bears the burden of proving that "extraordinary and compelling reasons" exist under 18 U.S.C. § 3582(c)(1)(A) to justify release. *See United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). Defendant is a 31-year-old man who suffers from asthma. (*See* Def.'s Mot. at 2.) Defendant contends that his medical condition, family circumstance and the conditions at FCI Ray Brook are extraordinary and compelling reasons warranting his release. (*Id.* at 2–3; Decl. in Supp. of Mot. for Compassionate Release ("Davila Decl."), ECF No. 599, at 2.) Defendant fails to meet his burden.

Defendant contends that his circumstances are extraordinary and compelling because he suffers from "chronic asthma." (Def.'s Mot. at 2.) According to the Center for Disease Control and Prevention ("CDC"), a person suffering from moderate to severe asthma can be "more likely to get severely ill" or die from COVID-19. *See COVID 19: People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated March 29, 2021). Defendant, however, has not provided any evidence that he suffers from moderate to severe asthma. In fact, on January 29, 2020,

---

[2] A court may only afford relief under Section 3582(c)(1)(A) "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The parties do not dispute that Defendant has exhausted all administrative remedies. (Gov't Opp'n at 3 n.1; Letter dated January 21, 2021, ECF No. 85, at 1 (citing Exhibit G, ECF No. 85-1).)

[3] The government cites to United States Sentencing Guideline § 1B1.13 as an applicable policy statement. (Gov't Opp'n at 3.) The Second Circuit, however, has recently held that "Guideline § 1B1.13 does not, by its own terms, apply" to compassionate release motions "that are not brought by the BOP Director." *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020). Accordingly, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" and Guideline § 1B1.13 does not limit that discretion. *Id.* at 237.

2

Defendant denied having symptoms consistent with moderate to severe asthma, such as wheezing, coughing, shortness of breath, and nighttime symptoms. (Davila Decl., Exhibit B, at 34–36.) While the Bureau of Prisons ("BOP") prescribed an inhaler on this date and on October 8, 2020, each time the BOP instructed Defendant not to use daily and to use only during an asthma attack. (*Id.* at 35; Gov't Opp'n at 3–4.) Defendant's medical records do not lead to the conclusion that he suffers from moderate to severe asthma. Even assuming Defendant's asthma is moderate to severe and places him at increased risk of contracting and suffering severe consequences from COVID-19, this medical condition alone does not present extraordinary and compelling reasons justifying release.[4]

Defendant also contends that his circumstance is extraordinary and compelling because his family is at a heightened risk of contracting COVID-19. (Def.'s Mot. at 2.) Defendant, however, fails to explain how his family's COVID-19 risk justifies his release. Indeed, Defendant does not explain how his release would decrease, or in any way affect, his family's COVID-19 risk. Defendant further argues that his children are in "critical years" of their lives and he wants to "raise [them] and shield them from the fate he befell." (*Id.*) Yet, Defendant's family data was considered during his original sentencing and these unchanged circumstances do not now present extraordinary and compelling circumstances justifying release.

Moreover, Defendant argues the conditions at FCI Ray Brook present extraordinary and compelling circumstances because "COVID is resurging" and he is unable to socially distance. (Def.'s Mot. at 2; Davila Decl., ¶ 8.) He also refers to the facility's "indefinite modified

---

[4] Defendant contends that he contracted COVID-19 during the spring of 2020 and the BOP failed to treat him. (Davila Decl. ¶ 6 (citing Exhibit B, ECF No. 599, at 33–36).) Defendant, however, cites to a January 29, 2020 medical evaluation, which does not reference COVID-19 or any of its symptoms or complications. Defendant also fails to provide any other document or medical record indicating that he tested positive for COVID-19, which he claims the BOP failed to treat, or that he suffered any COVID-19 symptoms or complications.

3

lockdown." (Def.'s Mot. at 2; Davila Decl., ¶ 8.) Like most facilities, FCI Ray Brook has not been unaffected by the virus. This facility, however, currently reports 0 active COVID-19 cases among inmates and staff. *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 21, 2021). Defendant contends that the BOP does not accurately report its positive COVID-19 cases, citing to an article in which James Weldon, union president for FCI Ray Brook corrections officers, states that the BOP's COVID-19 reporting for the facility was inaccurate in December 2020. (Letter dated February 4, 2021, ECF No. 605, at 2–4.) In that same article, however, Mr. Weldon also states that the BOP's reported COVID-19 cases were accurate as of January 31, 2021. (*Id.* at 2.)

Even so, the BOP is administering COVID-19 vaccinations in many of its facilities. *COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last updated April 21, 2021). In fact, as of April 21, 2021, FCI Ray Brook has vaccinated 115 staff members and 79 inmates. *See COVID-19 Vaccine Implementation*, https://www.bop.gov/coronavirus/ (last updated April 21, 2021). The BOP has also implemented testing procedures, which include inmates and staff who are asymptomatic, along with other methods to prevent a COVID-19 outbreak at its facilities. *See COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last updated April 20, 2021). Moreover, Defendant's arguments regarding the general prison conditions do not lead to the conclusion that his circumstances at FCI Ray Brook give rise to extraordinary and compelling reasons to justify release.

Finally, the 3553(a) factors weigh against Defendant's release. Defendant pled guilty to conspiring to distribute and possess with intent to distribute heroin and cocaine. (*See* Gov't Opp'n at 2; Superseding Indictment, ECF No. 103, ¶¶ 1–3.) The nature of the offense indicates that the sentence originally imposed, which is a variance below the sentencing guideline range of

135 to 168 months' imprisonment, remains sufficient but not greater than necessary in this case and reflects the seriousness of Defendant's conduct. These are two very addictive and dangerous drugs. Defendant, a trusted member of the trafficking crew, supplied these narcotics to street-level dealers. (*Id.* at 1.) He worked alongside other members to distribute these narcotics "just a city block from a public school" and in "buildings where families and children reside." (*Id.* at 4.) Accordingly, Defendant's conduct and role in the conspiracy support the conclusion that the sentence originally imposed appropriately reflects the gravity of his offense and the need for deterrence.

Defendant has not set forth an "extraordinary and compelling" reason to warrant release. Defendant's request for compassionate release is DENIED.

Dated: New York, New York
April 22, 2021

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge